UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN WOODWARD, 00-A-6563,

                Plaintiff,

v.

BEAM et. al,

                Defendants.

**REPORT AND RECOMMENDATION**

07-CV-0645(A)(M)

---

This action has been referred to me by Order of Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #36). Before me is plaintiff's "Motion to Enter Judgment for Failure to Comply with Discovery Order" (Dkt. #40). For the following reasons, I recommend that plaintiff's motion for judgment be DENIED, but I further order that the parties appear before me on September 15, 2008 at 2:00 p.m. for consideration of an appropriate sanction.[1]

## BACKGROUND

Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against a number of defendants, all of whom were employees of the New York State Department of Correctional Services. Plaintiff alleges that the defendant correction officers violated his First Amendment right to freedom of speech by retaliating against him for submitting grievances to the Inmate Grievance Representative Committee; violated his Fourteenth Amendment rights to

---

[1] Because plaintiff's motion seeks dispositive relief, my authority as to that relief is limited to a Report and Recommendation. Lesser sanctions are "committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard". Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F. 2d 522, 525, cert. denied, 498 U.S. 846 (1990).

Due Process and Equal Protection by failing to provide an impartial hearing officer and interfering with his right to call witnesses at his disciplinary hearings; and violated his Eighth Amendment rights by, *inter alia*, placing him in keeplock status (Dkt. # 1).

Plaintiff previously moved for production of documents from defendants (Dkt. #19). In a Decision and Order dated June 4, 2008, I ordered that "as for the outstanding document requests, defendants shall serve their response by June 30, 2008" (Dkt. #38, p. 3). On July 15, 2008, plaintiff moved to enter judgment against defendants, noting that defendants had failed to respond to plaintiff's document request by June 30, 2008 (Dkt. #40). By Text Order dated July 17, 2008 (Dkt. #41), I gave defendants until July 28, 2008 to respond to plaintiff's motion for judgment. Defendants have not responded to the motion.

## DISCUSSION AND ANALYSIS

Defendants have failed to provide me with any reason why sanctions should not be entered as a result of their failure to comply with my June 30, 2008 Decision and Order. However, at this stage of the proceedings, I do not believe that a default judgment is warranted. "The dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should be applied in extreme circumstances." Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F. 3d 243, 249 (2d Cir. 1996). A default judgment as a discovery sanction should be imposed only "as a last, not a first resort". Id. That is particularly true where, as here, defendants "have not been warned that the Court would consider some of the more severe consequences of non-compliance". Amatangelo v. National Grid USA Service Co., Inc., 2007 WL 4560666, *8 (W.D.N.Y. 2007) (Skretny, J.).

Nevertheless, defendants' unexplained disobedience of my June 30, 2008 Decision and Order cannot be ignored. Therefore, the parties are directed to appear before me on September 15, 2008 at 2:00 p.m. to address what sanction is appropriate in the circumstances of this case. Furthermore, defendants are hereby warned that their failure to fully respond to plaintiff's document request by September 15, 2008 can lead to a more severe sanction, including a default judgment.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion be DENIED, but I further order that the parties appear before me on September 15, 2008 at 2:00 p.m. for consideration of an appropriate sanction. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   August 26, 2008

_/s/ Jeremiah J. McCarthy_
JEREMIAH J. MCCARTHY
United States Magistrate Judge