UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN WOODWARD, 00-A-6563,      **REPORT, RECOMMENDATION AND ORDER**

    Plaintiff,

v.      07-CV-0645(A)(M)

BEAM et. al,

    Defendants.

---

This action has been referred to me by Order of Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #36). Before me are defendants' motion for leave to file under seal (Dkt. #61) and plaintiff's motions to compel discovery (Dkt. # 52) and for judgment (Dkt. #53). Oral argument of these motions was conducted on September 29, 2008. For the following reasons, I order that defendants' motion for leave to file under seal be GRANTED and that plaintiff's motion to compel be DENIED. I also recommend that plaintiff's motion for judgment be DENIED.

## BACKGROUND

Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against a number of defendants, all of whom were employees of the New York State Department of Correctional Services. Plaintiff alleges that the defendant correction officers violated his First Amendment right to freedom of speech by retaliating against him for submitting grievances to the Inmate Grievance Representative Committee; violated his Fourteenth Amendment rights to Due Process and Equal Protection by failing to provide an impartial hearing officer and interfering with his right to call witnesses at his disciplinary hearings; and violated his Eighth Amendment rights by, *inter alia*, placing him in keeplock status (Dkt. # 1).

On July 18, 2008 plaintiff filed a motion to compel interrogatory responses and answers to written depositions from defendants Anthony Muccigrosso, Dennis Wolfe and Larry Pocobello, as well as non-parties James Mays, Keith Dubray, William McAlinn and Curtis Brown ("discovery requests"). Following a conference on July 30, 2008, I ordered defendants to respond to the discovery requests by August 20, 2008, or show cause why they could not do so (Dkt. #46).

On August 20, 2008, defendants filed responses from defendant Pocobello (Dkt. #48) and non-party Mays (Dkt. #50). At that time, defendants' counsel also submitted a declaration describing why she was unable to provide responses to the remaining discovery requests (Dkt. #63). This prompted plaintiff to file the current motions to compel and for judgment (Dkt. #52, 53).

On September 12, 2008 plaintiff filed the outstanding discovery responses with the exception of non-party Brown's response to plaintiff's request for a deposition by written questions. Defendants also filed an unverified answer to deposition questions from defendant Wolfe (Dkt. #63, Ex. E). In conjunction with defendant Wolfe's unverified response, defendants filed a motion for leave to file documents under seal (Dkt. #61).

## DISCUSSION AND ANALYSIS

A.   **Defendants' Motion for Leave to File Under Seal**

"A party seeking to file documents under seal generally must show both that the documents are confidential and that disclosure will result in a 'clearly defined and very serious injury.' That showing requires 'specific and particular demonstrations of fact, not stereotyped or

conclusory statements.' " <u>Department of Economic Development v. Arthur Andersen & Co. (U.S.A.)</u>, 924 F.Supp. 449, 487 (S.D.N.Y.1996).

I find that defendants have established good cause to file documents pertaining to defendant Wolfe's unavailability under seal.

**B.    Plaintiff's Motion to Compel**

    **1.    Defendants Muccigrosso and Pocobello, and non-parties Mays, Dubray and McAlinn.**

To the extent that defendants have provided discovery responses from defendants Muccigrosso and Pocobello, and non-parties Mays, Dubray and McAlinn, I will deny that aspect of plaintiff's motion (Dkt. #52, pp. 3-4) as moot.

Plaintiff also objects to the sufficiency of the discovery responses provided by defendants arguing that although they responded "I need clarification" or "I am uncertain of the question that is being asked" to a number of questions, the questions were clear (Dkt. #52, pp. 5-6). I find that at least some of the questions posed by plaintiff are difficult to discern. Therefore, the parties are directed to confer in an attempt to clarify the questions that defendants were unable to answer. Defendants shall file responses to the clarified questions on or before October 29, 2008, or show cause why they cannot do so. If after receipt of defendants' responses to the clarified discovery requests plaintiff remains unsatisfied with the sufficiency of defendants' responses, he may file an appropriate motion.

2. **Non-Party Brown**

"Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45, not the rules governing discovery of parties." Lehman v. Kornblau, 206 F.R.D. 345, 346 (E.D.N.Y. 2001). Thus, by separate text order I have granted plaintiff permission to serve his written deposition questions upon non-party Brown by subpoena.

3. **Defendant Wolfe**

Although defendants have produced defendant Wolfe's answers to written deposition questions, these answers are unverified (Dkt. #63, Ex. E). Therefore, on or before October 29, 2008, defendants shall either provide a verification for defendant Wolfe's answers to written deposition questions or submit a letter from defendant Wolfe's treating physician explaining why he is unable to do so.

C. **Plaintiff's Motion for Judgment**

I find that defendants have attempted in good faith to respond to plaintiff's discovery demands and have demonstrated good cause for their delays. Mindful that "dismissal of an action with prejudice or the entry of judgment by default are drastic remedies, and should be applied in extreme circumstances", I decline to grant judgment in favor of plaintiff. Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F. 3d 243, 249 (2d Cir. 1996).[1]

---

[1] This motion does not address plaintiff's motion for judgment arising from defendants' failure to respond to his request for production of documents (Dkt. #72). Briefing is still pending on that motion.

## CONCLUSION

For these reasons, defendants' motion for leave to file under seal is GRANTED and plaintiff's motion to compel (Dkt. # 52) is DENIED. Additionally, I recommend that plaintiff's motion for judgment be DENIED (Dkt. #53).

On or before October 29, 2008 (1) the parties shall confer in an attempt to clarify the discovery requests defendants were unable to understand and defendants shall file responses to the clarified discovery requests; and (2) defendants shall serve defendant Wolfe's verified deposition answers or submit a letter from defendant Wolfe's treating physician explaining why he is unable to do so.

**SO ORDERED.**

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: October 2, 2008