UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAWN WOODWARD, 00-A-6563,                    **REPORT, RECOMMENDATION
                                               AND ORDER**
                        Plaintiff,

v.                                            07-CV-0645(A)(M)

BEAM et. al,
                        Defendants.

_____


        This action has been referred to me by Order of Hon. Richard J. Arcara for

supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #36).  Before

me are plaintiff's  motions for a default judgment (Dkt. #105) and to compel (Dkt. #107) .  For

the following reasons, I recommend that plaintiff's motion for judgment be DENIED and order

that plaintiff's motion to compel be DENIED.


                                **BACKGROUND**

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against a

number of defendants, all of whom were employees of the New York State Department of

Correctional Services. Plaintiff alleges that the defendant correction officers violated his First

Amendment right to freedom of speech by retaliating against him for submitting grievances to

the Inmate Grievance Representative Committee; violated his Fourteenth Amendment rights to

Due Process and Equal Protection by failing to provide an impartial hearing officer and

interfering with his right to call witnesses at his disciplinary hearings; and violated his Eighth

Amendment rights by, *inter alia*, placing him in keeplock status. Complaint (Dkt. # 1).

## DISCUSSION AND ANALYSIS

Following the filing of the current motions, Kim Murphy, Esq. replaced Delia

Cadle, Esq., as defendants' counsel.  Therefore, at the January 12, 2009 conference I directed the

parties to confer in an attempt resolve these motions before completing the briefing on the

motions.  Dkt. #111.  However, the parties were unable to resolve their dispute.


**A.      Plaintiff's Motion for a Default Judgment**

By decision and order dated June 4, 2008, I granted plaintiff's motion to compel

responses to his request for the production of documents (Dkt. #19).  Decision and Order dated

June 4, 2008 (Dkt. #39).  Based upon defendants failure to comply with the deadline in my

June 4, 2008 decision and order for responding to plaintiff's outstanding document demands,

plaintiff moved for a default judgment.  Plaintiff's First Motion for a Default Judgment.  Dkt.

#40.  By Report and Recommendation dated August 26, 2008, I denied plaintiff's motion for a

default judgment and directed defendants to respond to the outstanding document requests by

September 15, 2008.  Dkt. #51.

After defendants failed to comply with this deadline, plaintiff moved to renew his

initial motion for a default judgment.  Dkt. #72.  I also denied this motion. Dkt. #100.  However,

I sanctioned defendants' counsel, Delia Cadle, Esq., $300.00 for her unexplained disobedience of

my June 4, 2008 Decision and Order.  Id.  On October 14, 2008, defendants filed their response

to plaintiff's request for production of documents.  Dkt. #78.

Plaintiff's current motion seeks a default judgment against defendants for their

failure to provide certain documents in their October 14, 2008 response to plaintiff's request for

production of documents.  Specifically,  plaintiff contends that he has not yet received the

transcript of the tier two hearing held on June 21, 2006 (*See* Plaintiff's Request for Documents

(Dkt. #19, Ex. 1), Request #1), the Form 2176 Witness Denial Form signed by Lieutenant K.

Willis (*See* Id. at Request #2), and the assignment sheet by the Superintendent of the Elmira

Correctional Facility designating defendant Pocobello to conduct plaintiff's tier three hearing on

April 9, 2007 (*See* Id. at Request #14).   Plaintiff's Motion for a Default Judgment (Dkt. #105),

¶15.

   In response,  Ms. Murphy states that "when I was reassigned this case, it was my

belief that defendants had responded to all plaintiff's outstanding discovery requests except of

the discovery with respect to non-party Curtis Brown." Declaration of Kim Murphy, Esq. (Dkt.

#119), ¶4.  Although it was her understanding that the June 21, 2006 transcript had been

previously produced, she has produced another copy to plaintiff. Id. at ¶6 and Ex. A.  She has

also produced a copy of the assignment sheet designating defendant Pocobello. Id. at ¶6 and Ex.

B.  Ms. Murphy also indicates that there is no such Form 2176 Witness Denial Form signed by

Lieutenant Willis. Id. at ¶6.[1]

   To the extent that defendants have corrected the deficiencies in their responses to

plaintiff's request for production of documents, I find no reason to enter judgment in plaintiff's

favor.  Such relief should only "be applied in extreme circumstances", and this is not one of

them.  Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F. 3d 243, 249 (2d Cir. 1996).

   I  do not find any bad faith on the part of defendants.  Before filing this motion,

there is no indication that plaintiff did anything to alert defendants of this omission.  When Ms.

Murphy learned of the omission, she promptly rectified it.   To the extent that defendants'

---

[1]   Ms. Murphy alleges that plaintiff's January 13, 2009 good faith discovery letter sought documents not previously requested.  Nevertheless she believes that defendants have complied with these additional requests. Declaration of Kim Murphy, Esq. (Dkt. #119), ¶¶9-12.

conduct has delayed discovery, I will take this into consideration in deciding plaintiff's motion to extend the deadlines in the Amended Case Management Order.  Dkt. 126.

Mindful that a default judgment as a discovery sanction should be imposed only "as a last, not a first resort", I recommend that plaintiff's motion for a default judgment be denied.  Marfia, *supra*, 100 F. 3d at 249.

**B.**     **Plaintiff's Motion to  Compel**

Plaintiff had previously moved to compel responses to written deposition questions and interrogatories directed at Sergeant Backer, Jeffery Fletcher, Sergeant Krause, and Corrections Officer Zelko.  Plaintiff's Motion to Compel (Dkt. #92).  In response, defendants filed the requested discovery responses.  *See* Dkt. ##90, 94-96.  In his reply, plaintiff challenged the sufficiency of certain responses, an issue that was not part of his initial motion to compel. Dkt. #107.  Therefore,  as set forth at the January 12,2008 status conference, I treated his reply as a separate motion to compel.

In response, Ms. Murphy argues that "as an attorney, I have taken numerous depositions and have served numerous interrogatories, and  have often had dissatisfied responses, but that is not a basis to compel."  Declaration of Kim Murphy, Esq. (Dkt. #119), ¶14. This is patently incorrect. *See, e.g.*, Convermat Corp. v. St. Paul Fire and Marine Insurance Co., 2007 WL 2743696 (E.D.N.Y. 2007) (addressing motion to compel full and adequate responses to interrogatories).

Plaintiff argues that Jeffrey Fletcher and Sergeant Backer's responses (Dkt. ##90 and 95) to his written deposition questions were given without benefit of Ms. Cadle providing them with the documents he had requested be provided to the witnesses, which resulted in them

answering "I do not recall" to a number of questions.   Plaintiff's Motion to Compel (Dkt. #107),

¶6(B), (C), and (D).[2]   Plaintiff also alleges that Ms. Cadle "deliberately allowed Fletcher to

provide false responses. Id. at ¶6(C).   In response, Ms. Murphy states that "AAG Cadle

represented to me as an officer of the Court that everyone was provided with each document

plaintiff specified in the written depositions and interrogatories."   Declaration of Kim Murphy,

Esq. (Dkt. #119), ¶14.

      Fed. R. Civ. P. ("Rule")  30(c)(3) permits depositions upon written questions.

Based upon counsel's representations and the verified written deposition responses of Sergeant

Backer and Mr. Fletcher,  I find no basis to compel mores specific responses. *See e.g.*, <u>Kenneth</u>

<u>v. Nationwide Mut. Fire Ins. Co.</u>,  2007 WL 3533887, *18 (W.D.N.Y. 2007) (Foschio, M.J.) ("'if

a party does not have the knowledge or information necessary to answer an interrogatory, it is

sufficient to state such lack of knowledge as an answer, under oath.'").   Likewise, plaintiff's

claims that Ms. Cadle influenced the deponents to provide false statements is mere conjecture.

Therefore, I order that plaintiff's motion to compel be denied.


## CONCLUSION

      For these reasons, I recommend that plaintiff's motion for a default judgment

(Dkt. #105) be DENIED, and order that plaintiff's motion to compel (Dkt. #107) be DENIED.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

---

[2]     Plaintiff's written deposition questions specified that Sergeant Backer be provided with a copy of Grievance #31-602-06 "to refresh his memory if needed and he should be advised to use DOCS computers if needed for additional information." Plaintiff's Motion to Compel (Dkt. #92), Ex. A.  Similar directions were given for Mr. Fletcher's responses to plaintiff's written deposition questions.  Id. at Ex. B.

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:  March 5, 2009

JEREMIAH J. MCCARTHY
United States Magistrate Judge

-6-