UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN WOODWARD,

                      Plaintiff,

v.

BEAM, Correctional Officer, et al.,

                      Defendants.

**REPORT and RECOMMENDATION**

07-CV-0645(A)(M)

---

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [173]. Before me are plaintiff's motions to reinstate funds to his inmate account [168] and for an award of attorney's fees and costs [171]. For the following reasons, I recommend that plaintiff's motions be DENIED.[1]

**BACKGROUND**

        Plaintiff, an inmate, commenced this action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS"). On April 30, 2009 the parties filed an executed Stipulation of Settlement and Order of Dismissal ("Stipulation"), which dismissed the action with prejudice [161]. The defendants were required to make a payment of $2,700 to plaintiff "in full satisfaction of any and all claims for relief in this Action, including attorneys fees, costs and disbursements". Stipulation [161], ¶2. By Text Order dated May 4,

---

[1] Because the relief plaintiff seeks would require me to re-open the case, I have treated the motions as seeking dispositive relief.

2009 [162], Judge Arcara approved the Stipulation and ordered the Clerk of the Court to close the case.

Thereafter, plaintiff filed a motion to reopen his case because of defendants' failure to make payment under the terms of the settlement agreement [164]. This motion was resolved when the settlement check was deposited in plaintiff's inmate account on or about October 21, 2009. Plaintiff's motion [168]. Plaintiff has now filed these motions seeking to reinstate funds to his inmate account that were withdrawn on October 23, 2009 for payment of federal filing fees [168] and for reimbursement in the amount of "$250.00 for supplies and time spent on this case." [171], ¶10.

**ANALYSIS**

A.   **Motion to Reinstate Funds [168]**

Plaintiff alleges that after the settlement check was deposited into his inmate account, DOCS withdrew approximately $800 for payment of three separate federal filings fees. Plaintiff's motion [168]. Although he "does not dispute that DOCS had the authority to withdraw funds to pay off the rest of the money that plaintiff owed on the filing fees" on this case and 8-cv-463, plaintiff argues that DOCS "had no authority to withdraw an additional $340.51 . . . to pay off the filing fee for [9-cv-451]" until there was a determination of his *in forma pauperis* application. Plaintiff's Reply [172], ¶¶22- 26.

However, since neither the Stipulation nor Judge Arcara's Text Order contained a provision retaining jurisdiction in this court for any purpose once the case was dismissed, I conclude that this court lacks jurisdiction to entertain plaintiff's motion. "If the parties'

obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal - either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order . . . . a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist . . . . Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 381, 382 (1994).

Even if the court had retained ancillary jurisdiction over the settlement, I would decline to exercise ancillary jurisdiction over plaintiff's motion because the issue raised is itself ancillary to the settlement. The current dispute does not involve the enforcement of the settlement agreement or a dispute arising under the settlement agreement. Rather, plaintiff seeks to challenge disbursements removed from his account *after* the settlement was fully consummated. As defendants argue, plaintiff has available redress at his facility, including availing himself of the grievance process, and may bring a state court action, if necessary. Murphy declaration [170], ¶5.

**B.     Plaintiff's Motion for Attorney's Fees and Costs  [171]**

Plaintiff argues that "because plaintiff's Motion to Appoint Counsel . . . was denied . . . and plaintiff had to provide supplies to file and litigate this case over a 19 month

period", he seeks $250 "for supplies and time spent on this case." Plaintiff's motion [171], ¶¶9 and 10.

"'Motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree'" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (Rule 11 sanctions). Thus, "whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." In re Austrian and German Bank Holocaust Litigation, 317 F. 3d 91, 98 (2d Cir. 2003) (seeking forfeiture of attorney's fees because of a conflict of interest); Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 318 F. 3d 392, 396 (2d Cir. 2003) ("a court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs"). Because plaintiff's motion does not call upon me to vindicate the court's authority to enforce its orders or attorney conduct, I do not find it to be an "independent proceeding" over which ancillary jurisdiction can be exercised.

Even if jurisdiction existed, I would recommend denial of the motion because the Stipulation expressly provided that the settlement was "in full satisfaction of any and all claims from relief in this Action, *including attorneys fees, costs and disbursements*". Stipulation [161], ¶2 (emphasis added). See Garibaldi v. Anixter, Inc., 533 F. Supp. 2d 308, 310 (W.D.N.Y. 2008) (Larimer, J.) ("'A settlement agreement is a contract that is interpreted according to several

principles of contract law. Once entered into, the contract is binding and conclusive"); Powell v. Omnicom, BBDO/PHD, 497 F.3d 124, 128 (2d Cir. 2007).

**CONCLUSION**

For these reasons, I recommend that plaintiff's motions to reinstate funds to his inmate account [168] and for an award of attorney's fees and costs [171] be DENIED, without prejudice to seeking such relief in another forum.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 26, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with

the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED: March 9, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge